FRANCIS D. BRIGHAM *vs.* ELIZABETH HOLMES.

A complaint for flowing land having been brought against a married woman, she in her answer admitted her seisin of certain premises, but professed ignorance whether they were the same which she was alleged to own in the complaint; and alleged a right to flow the complainant's land by virtue of an award under a submission to arbitration entered into by the complainant and her husband, which award identified the premises referred to as hers. *Held,* under these circumstances, that it was no defence to the complaint to prove that the land was purchased and paid for, and the dam maintained, by her husband, and that the deed was taken by him in her name, all without her consent or knowledge.

If one who contemplates the purchase of a mill-site, and has an agreement for the purchase of a bond for a deed thereof, while proceeding to erect a mill thereon enters into an agreement with the owner of the land above to submit the damages from flowing to arbitration, and an award is made that certain damages shall be paid within a certain time, and he fails to pay or offer to pay the same within that time, and afterwards takes the deed of the mill-site in the name of his wife, she cannot avail herself of such award in defence to a complaint for flowing, brought against her by the owner of the land above.

COMPLAINT under Gen. Sts. *c.* 149, for flowing land. The complaint set forth that the defendant was and since the 29th of July 1865 had been seised and possessed of a certain water-

mill, mill-dam and mill privilege situated in the village of Feltonville in Marlboro, on a certain stream therein, and had flowed the complainant's land by means of said dam.

The answer admitted that the defendant had been seised of certain lands and privileges, as owner of the same, in said Feltonville, since said date, but professed ignorance whether they were the same that were set forth in the complaint; denied that she had maintained said dam so as to raise the water and cause it to flow back as alleged; and alleged that whatever had been done by her had been in pursuance of and under a rightful authority conferred by deed and by the license of the complainant, and that the complainant had waived and released all claim for damages past and future; that she and whoever else has maintained the dam and mill in question has always had a right to do the same without compensation, or for and in consideration of the price paid and determined by an agreement of submission to arbitrators, and their award thereon, the agreement being entered into between the complainant and Richard Holmes, her husband, and the award being made before the filing of this complaint, and said Richard being owner of the premises at the time of the agreement.

At the trial in the superior court, before *Putnam,* J., the complainant proved title to the land alleged to be his, and it appeared that on the 29th of July 1865 the premises described in the complaint as belonging to the defendant were conveyed to her by deed from Horatio Bruce, to her sole and separate use. In March 1864, Bruce, having a bond for a deed of these premises, proceeded to build the dam, which was finished and the pond filled with water before July 29th 1865. Richard Holmes contemplated and arranged with said Bruce for the purchase of the bond, or the said lands, with the real or avowed design of finishing the dam, but he took no deed of the premises running to himself. Under these circumstances, on the 6th of October 1864 he and the complainant entered into an agreement to submit to arbitrators the question of the damages to the complainant's land from the flowing, with a provision binding Holmes to tender to the complainant the amount awarded, within thirty

days after receiving notice thereof, and binding the complainant to convey to said Holmes the right to flow, to a point fixed in the submission, within three days after the tender. The arbitrators awarded $1683; and at the hearing the defendant did not contend that this sum had ever been tendered to the complainant.

The defendant offered evidence to show that after the agreement of submission her husband went on with the erection of the dam until its completion; that he paid the consideration for the deed to her, and took it in her name without her knowledge or authority; that she knew nothing of it until service of the complaint in this case upon her; and that her husband built the dam, not on her account or for her benefit, but for his own.

The defendant contended that the award was binding on the parties and fixed the damages, and that if she did not actually own the property in question, but the facts were as her evidence tended to show, both in this respect and as to the party who did the acts complained of, the complainant could not recover. But the judge ruled that the agreement of submission and award could not in any view of the case be a defence to the complaint; that the fact of the deed running to the defendant as aforesaid was enough of itself to make her liable, under the facts of this case; and generally that no defence was shown to the complaint. The judge accordingly directed a verdict for the complainant, which was rendered; and the defendant alleged exceptions.

*A. A. Ranney,* for the defendant.

*J. G. Abbott & J. T. Joslin,* for the complainant.

CHAPMAN, J. At the argument two objections were urged against the rulings of the presiding judge.

1. He ruled " that the fact of the deed running to the defendant as aforesaid was enough of itself to make her liable, under the facts in this case." The deed was made July 29th 1865, nearly a month before the filing of the complaint. The complaint alleges that she is the owner of the mill, mill-dam and privileges therein described, and the answer admits that she has been, since July 29th 1865, seised of certain lands and

privileges in the town and village mentioned in the complaint, but alleges her ignorance whether they are the same that are mentioned in the complaint. She also alleges a right to flow the complainant's land by virtue of an arbitrament and award between the complainant and her husband. The award, which she offered in evidence, identifies the property, and proves that the mill, mill dam and privilege, of which she admits her· self to be seised, are the same that are described in the complaint.

But she offered evidence tending to prove that the mill and dam had been erected without her knowledge and consent, before the date of her deed; that the deed was made to her without her knowledge or consent; and that her husband had maintained the mill and dam before and since the date of the deed for his own use, and without her knowledge and consent.

So far as this evidence tended to disprove her seisin of the estate described in her answer, it was immaterial, because her seisin was admitted by the pleadings. And so far as its purpose was to relieve her from the consequences of the acts done by her husband, it was immaterial ; for she justifies the maintenance of the dam and the flowing of the land by virtue of the award, and does not in any manner repudiate the acts of her husband. Being the owner of the land, she is made liable to this process by statute, even though the flowing of the land is continued by her mere sufferance. There is nothing in the pleadings or the evidence to show that the dam is maintained against her consent. On the contrary, while her answer sets up a right, the object of the evidence seems to have been to have the dam continued and the petitioner's land damaged, and deprive the owner of all security for his compensation.

2. The presiding judge ruled " that the agreement of submission and the award could not, in any view of the case, be a defence to this complaint." It was not contended that Richard Holmes or any one in his behalf had performed the award or tendered performance, or requested the complainant to perform it. The agreement of submission was made October 6th 1864.

The award was made and the parties were notified of it on the

13th of the same month. By the agreement the parties were to perform the award within thirty days after its publication, under forfeiture of $2000. The referees awarded that Holmes should pay $1683 for the right of flowing.

Even her husband, who was the party to the award, could claim no right to flow the land while he neglected to perform the award; for by the terms of the submission his right was to be under a deed of the complainant, to which he would be entitled only by a payment or tender of the money awarded, and demanding the deed. Much less can the respondent, who was not a party to it, nor even a grantee of her husband, claim any rights under it.                    *Exceptions overruled.*